IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Honorable David G. Bernthal |
| | ) | No. 07 – 7267 |
| vs. | ) | |
| | ) | |
| | ) | |
| KRISTOPHER M. DAVIS | ) | |

### DEFENDANT'S MOTION TO BE RELEASED ON BOND WITH CONDITIONS

Now comes Defendant KRISTOPHER M. DAVIS, by his attorney, Lawrence S. Beaumont, and hereby respectfully moves this Honorable Court to consider releasing defendant on conditions in this matter. In support of this motion, Mr. Davis submits the following:

1. Mr. Davis has been charged by criminal complaint on December 5, 2007 with conspiracy to distribute cocaine pursuant to 21 U.S.C. §§ 846 and 841(a)(1).

2. This court set Mr. Davis' detention hearing for January 3, 2007. The pretrial services officer in this case has issued a pre-trial services report in which he suggests no condition or combination of conditions can be fashioned in this case assuring the defendant's appearance in court or adequately protecting the community. The defendant respectfully disagrees with this assessment.

3. Mr. Davis respectfully asks this Court to consider evidence the defendant will present at the detention hearing in

1

       addition to the information contained in the pre-sentence report and to find that there are conditions which would reasonably assure his appearance in court and the safety of the community.

4. As the Supreme Court held in United States v. Salerno, 481 US 739, 755 (1987), "In our society liberty is the norm, and detention prior to trial . . . is the carefully limited exception." This presumption of release is encapsulated in the bail statute, 18 U.S.C. § 3142. The statute states that the Court "shall order" pretrial release, 18 U.S.C. § 3142(b), except in certain narrow circumstances. Even if the Court determines under 18 U.S.C. § 3142(c) that an unsecured bond is not sufficient, the Court "shall order" release subject to "the least restrictive further conditions," that will "reasonably assure" the defendant's appearance at court and the safety of the community. 18 U.S.C. § 3142(c)(1).

5. Although there is a presumption of detention in Mr. Davis' case, this presumption is rebuttable. 18 U.S.C. 3142(e). Mr. Davis need not show that he is innocent of the charged crime to rebut the presumption. United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986). In a presumption case, the burden of persuasion continues to rest with the government at all times. The defendant simply bears the burden of producing "some evidence that he will not flee or endanger the community if released," which the Seventh Circuit has held is not a heavy burden to meet. Id. "Any evidence favorable to a defendant that comes within a category listed in § 3142(g) can affect the operation of one or both of the presumptions, including evidence of their marital, family and employment status, ties to and role in the community, . . . and other types of evidence

2

encompassed in 3142(g)(2)" Id. Once a defendant has come forward with some evidence pursuant to 3142(g), the Court must weigh the presumption along with all the other factors listed in 3142(g). See id. at 707 ("Once this burden of production is met, the presumption is 'rebutted' in the sense that word was used in Jessup. Use of that word in this context is somewhat misleading because the rebutted presumption is not erased. Instead it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).") (citing United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985)).

6. The defendant believes the following evidence will be offered at his hearing:

    1. His Aunt, who is a successful business woman in Chicago and who has known the defendant all of his life, will post with the court as collateral for a bond, her home in which she know resides in Indiana and which has a current appraised value in excess of one million dollars. She fully understands the consequences of loosing her property if the defendant were to fail to fully comply with any release order. She is willing to provide a quit claim deed to the government and she will sign a forfeiture agreement to the government relinquishing the property should the defendant fail to comply with a release order. His aunt knows defendant to be a

  peaceful person and believes he will fully comply with any conditions set by this court.

2. The defendant's grandfather will likewise post his home in Chicago, with a current appraised value in excess of two hundred thousand dollars, as collateral for a bond set by this court. He will likewise sign a quitclaim deed and forfeiture agreement fully understanding that his property would be forfeited to the government should defendant fail to comply with any conditions of release set by this court. He has known the defendant his entire life and fully believes the defendant will comply with any conditions set by this court.

3. The defendant's mother, also a successful business owner in Chicago, will act as a third party custodian of the defendant. The defendant will live with her as he has in the past. The home is a short distance from the business and she will continually check on the defendant.

4. The defendant is willing to live at the above mentioned residence in Chicago (mother's residence) under conditions of home confinement with electronic monitoring. He

5. As the pre-trial services report indicates, the defendant does indeed have two prior drug convictions. However, the court should be aware that the first conviction in Champaign County was for approximately two ounces of marijuana for which he pleaded guilty and was given non-reporting drug probation. The second conviction stems from approximately four ounces of marijuana being found in his apartment in which he and another individual were each charged. Defendant likewise pleaded guilty in that case and was put on probation.

6. The defendant has extensive family members in the Chicago area, many of whom are successful business people and who have appeared here in court in support of the defendant.

7. As soon as the defendant heard of the warrant being issued for him in the instant case, he immediately turned himself in to authorities. He made no effort to flee.

8. As the pre-trial services report indicates, a

        warrant from Champaign County was issued for the defendant in connection with a one hundred dollar bad check. Bond has been posted in that case and the defendant has been ordered to appear in the Circuit Court for Champaign County to answer the charge. If he is released in this case, the defendant will appear as ordered.

9. The defendant has not missed other court dates. He has never been charged with any violent offenses, nor does he have any firearm offenses. He has lived in Chicago most of his life with the exception of some time spent in Champaign County when he attended school.

7. Particular circumstances of Mr. Davis' life, including his strong family ties and family support and his ties to the community, rebut the presumption in the instant case. Mr. Davis' Father, Mother, Aunt and Grand Father will all testify that he is a peaceful person and they will all make sure he complies with any conditions of release set by this court. Mr. Davis has lived in Chicago for most of his life and has numerous family members in the Chicago area, including his father and mother, Aunt and Grand Parents. According to Mr. Davis' mother, Mr. Davis can work at her business should he be allowed to work during home detention.

8. There are conditions that would reasonably assure Mr. Davis' appearance in court. Mr. Davis' prior history suggests that he has had numerous opportunities to fail to appear in court, and he has appeared the vast majority of the time. The best evidence that Mr. Davis would appear in court in the instant case is that he voluntarily turned himself in when he was asked to, he did not leave the jurisdiction or try to evade prosecution.

9. The Seventh Circuit has held that "[a] defendant cannot be detained as dangerous under § 3142(e), even if the presumption is not rebutted, unless a finding is made that no release conditions "*will* reasonably assure . . . the safety of the community . . .." Dominguez, 783 F.2d at 706-07 (citations omitted). Regardless of whether Mr. Davis has rebutted the presumption of dangerousness, there are conditions that would reasonably assure the safety of the community if Mr. Davis were released. Mr. Davis has never been convicted of any violent crime in the past, and he is not alleged to have possessed a firearm or any other weapon during the course of the instant case. Moreover, one of the factors the Court must weigh in determining whether there are conditions that could reasonably assure the safety of the community if Mr. Davis is released is Mr. Davis' character. See 18 U.S.C. 3142(g)(3)(A). According to Mr. Davis' family, the people who know him best, he is not violent, but is instead a mild and gentle man, even meek at times. Any safety concerns could be mitigated by placing Mr. Davis' on electronic monitoring and placing him in the third-party custody of a responsible custodian, such as his mother. The strict movement limitations imposed by electronic monitoring (the strictest level of which is home incarceration, which is essentially house

arrest) would reasonably assure the safety of the community.[1]

WHEREFORE, for all the reasons stated herein, KRISTOPHER M. DAVIS respectfully moves this Court to release him from custody in this matter, subject to any conditions this Court deems appropriate.

          Respectfully submitted,

          LAWRENCE S. BEAUMONT
          Attorney for Defendant

          By:/s/Lawrence S. Beaumont
             Lawrence S. Beaumont

LAWRENCE S. BEAUMONT
ATTORNEY AT LAW
53 West Jackson Street
Room 626
Chicago, IL 60604
(312) 765-6000